IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

KEITH DEWAYNE MATTHEWS                                    PLAINTIFF
ADC# 143644

V.                    NO. 4:21-cv-00418-BRW-ERE

PATRICK PIERRE                                            DEFENDANT

## ORDER

Pending before the Court is Defendant Patrick Pierre's motion to compel Plaintiff Keith Dewayne Matthews to sign an authorization to allow Defendant Pierre to obtain his health information. *Doc. 44*. Mr. Pierre explains that Mr. Matthews previously signed a medical release, but that release only listed Mr. Pierre's former counsel. Accordingly, Mr. Pierre sent Mr. Matthews an updated medical release, which Mr. Matthews has not returned.

For the reasons explained below, Mr. Piere's motion to compel is DENIED.

**Legal Standard**

Under Rule 26(b)(1) of the Federal Rules of Civil procedure, which governs the scope of discovery:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

In keeping with this generous standard, parties are permitted to fully investigate the relevant facts to "gain an understanding of the key persons, relationships, and evidence in a case." *Sentis Group, Inc. v. Shell Oil Co.*, 763 F.3d 919, 926 (8th Cir. 2014). However, discovery must be proportional to the needs of the case. *Vallejo v. Amgen*, Inc., 903 F.3d 733, 742 (8th Cir. 2018) (quoting *Carr v. State Farm Mut. Auto. Ins., Co.*, 312 F.R.D. 459, 468 (N.D. Tex. 2015) ("[A] court can—and must—limit proposed discovery that it determines is not proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit—and the court must do so even in the absence of a motion.")).

**Defendant's Medical Release**

Mr. Pierre's medical release seeks "<u>ALL</u>" information and records concerning Mr. Matthews' physical and mental condition *for the past fifteen years*. In addition, the release authorizes Mr. Pierre to receive all of Mr. Matthews' medical information and makes no effort to limit the disclosure to medical information that arguably has some relevance to the claims and defenses in this case. For example, the release authorizes Mr. Pierre to obtain "any information related to sexually transmitted diseases, HIV or AIDS-related illnesses," a topic with no apparent relevance to the issues in this case. *Doc. 44-1* at 2.

2

In his complaint, Mr. Matthews alleges that Mr. Pierre served him a food tray covered in human feces on one occasion. There is reason to question whether a request for any medical records is appropriate in this case. But even assuming some medical records are discoverable, Mr. Pierre's proposed medical release is overly broad and disproportional to the needs of the case.

First, Mr. Matthews does not allege that he sustained physical injury as a result of Mr. Pierre's conduct. Second, the scope of the medical request goes far beyond seeking arguably relevant material. The complained-of conduct occurred on one occasion in January 2021, but Mr. Pierre seeks medical records *for the past 15 years*.[1] Third, there are *no* allegations in this case regarding sexually transmitted diseases or many other matters sought in the medical release. Clearly, this medical release was not tailored to the issues in this case.[2]

Accordingly, Mr. Pierre's motion to compel (*Doc. 44*) is DENIED.

IT IS SO ORDERED this 21st day of April, 2022.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] The Court hereby puts Mr. Pierre and his counsel on notice that a fifteen-year period of time is presumptively disproportional to the needs of most prisoner civil rights litigation.

[2] If Mr. Pierre still believes a medical release is necessary in this case, he may send Mr. Matthews, through the written discovery process, a proposed medical release seeking information that is relevant to the claims and defenses in this case and for a reasonable time period.